UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JESSICA COSTA;

        Plaintiff,

   v.

NATIONAL ACTION FINANCIAL
SERVICES, and ELIZABETH DOE;

        Defendants.

NO. CIV. S-05-2084 FCD/KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter comes before the court on plaintiff Jessica Costa's ("plaintiff") motion for reasonable attorney's fees and costs pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.*, and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code

§ 1788 *et seq*. For the reasons set forth below,[1] plaintiff's motion is GRANTED in part.

**BACKGROUND**

This action arises from a debt plaintiff incurred to NextCard. (Pl.'s Verified Complaint for Damages, filed October 15, 2005, ¶ 18). Plaintiff defaulted on the debt. (Id. ¶ 20). The debt was subsequently assigned to defendant National Action Financial Services ("defendant" or "NAFS") for collection. (Id. ¶ 21). On March 17, 2005 plaintiff received a voice mail message at her home from NAFS. The caller for NAFS, Elizabeth Doe, failed to state her message was from a debt collector and in regards to the debt owed on plaintiff's NextCard account. (Def.'s Response to Pl.'s Statement of Undisputed Facts, filed Nov. 30, 2007 ("DUF"), ¶ 7). Thereafter, plaintiff filed suit in the United States District Court, Northern District of California on June 6, 2005, claiming defendant violated FDCPA and RFDCPA and seeking emotional distress damages pursuant these statutes. The case was transferred to this district on October 18, 2005. (Docket #1).

On March 20, 2006, defendant served an offer of judgment, pursuant to Federal Rule of Civil Procedure, Rule 68,[2] to plaintiff in the amount of $2,002.00 plus "reasonable attorney's fees and costs, to be mutually agreed upon by the parties, or if no agreement can be reached, to be determined by the court in

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

accordance with 15 U.S.C. § 1692k." (Docket #59, Ex. 3). Plaintiff did not accept the offer.

In October 2007, plaintiff filed a motion for partial summary judgment relating to her claims for violations of FDCPA and RFDCPA. (Docket # 27). Defendant subsequently filed a cross-motion for partial summary judgment as to plaintiff's claim for emotional distress damages. (Docket #30). The court granted plaintiff's motion, awarding plaintiff statutory damages in the amount of $2000.00. The court also granted defendant's motion for partial summary judgment as to plaintiff's claim for emotional distress damages, thereby limiting plaintiff to a total recovery of $2,000.[3] (Mem. & Order, filed Dec. 19, 2007).

Plaintiff now moves for an award of attorney's fees and costs, as the prevailing party on the statutory claims. Plaintiff seeks $53,828.00 in attorney's fees and $897.27 in costs. (Pl.'s Mot. for Reasonable Att'y Fees and Costs, filed Feb. 28, 2008 ["Mot."], at 7). Defendant does not dispute the amount of costs claimed, but contends a reasonable attorney's fees award to plaintiff is $2,688.00. (Opp'n, filed Mar. 28, 2008, at 16).

---

[3] It was not clear from the parties' cross-motions for partial summary judgment whether the motions resolved the entirety of the case. However, on April 1, 2008 the parties stipulated that the court's December 19, 2007 order on the motions resolved the case and that judgment should be entered pursuant to the court's order. (Docket #61). The court thereby dismissed plaintiff's claims with respect to "Elizabeth Doe" and entered judgment in favor of plaintiff and against NAFS in the amount of $2,000.00 on April 2, 2008. (Docket #62).

**STANDARD**

When an individual consumer succeeds in an FDCPA action, she is entitled to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Similarly, a prevailing party under the RFDCPA is entitled to "costs of the action" and "reasonable attorney's fees." Cal Civ. Code § 1788.30(c). The court must calculate awards for attorney's fees using the "lodestar" method. See Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001); see also Caudle v. Bristow Optical Co., Inc., 224 F.3d 1014, 1028 (9th Cir. 2000). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).

However, when a Rule 68 offer is made, a court must determine the reasonableness of the attorney's fees award in light of the results obtained after the Rule 68 offer. Haworth v. State of Nevada, 56 F.3d 1048, 1051 (9th Cir. 1995). Rule 68 allows a defendant to serve upon a plaintiff a "judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If a Rule 68 offer is rejected and "the judgment that the [plaintiff] finally obtains is not more favorable than the unaccepted offer, the [plaintiff] must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). A plaintiff who rejects a Rule 68 offer and recovers less by prosecuting the case is not entitled to collect any post-offer attorney's fees if the relevant fee statute treats attorney's fees as part of

"costs." Marek v. Chesny, 473 U.S. 1, 8-9 (1985). However, where Congress defines costs and attorney's fees separately, attorney's fees are not necessarily subject to the cost-shifting provision of Rule 68. Id.

Such is the case here, as FDCPA and RFDCPA define attorney's fees separately from costs. 15 U.S.C. § 1692k(a)(3); Cal Civ. Code § 1788.30(c). Therefore, attorney's fees in this action are not included in costs and are not automatically shifted by Rule 68. See Marek, 473 U.S. at 9; see also Haworth, 56 F.3d at 1051.

The court has broad discretion in deciding whether to award post-offer attorney's fees where the plaintiff obtains a judgment for less than the amount of the Rule 68 offer. See Haworth, 56 F.3d at 1052. For counsel to be awarded attorney's fees post-Rule 68 offer, a counsel's actions in continuing to prosecute the case must be reasonable. See Haworth, 56 F.3d at 1052; see also Solomon v. Onyx Acceptance Corp., 222 F.R.D. 418, 423 (C.D. Cal. 2004) (finding counsel's actions in continuing to prosecute the FDCPA action post-Rule 68 offer were unreasonable and thus awarding counsel only pre-offer attorney's fees). In determining reasonableness, the court must consider: (1) the amount of the Rule 68 offer; (2) the stage of the litigation at which the offer was made; (3) what services were rendered thereafter; (4) the amount obtained by the judgment; and (5) whether it was reasonable to continue litigation after the Rule 68 offer was made. Haworth, 56 F.3d at 1052-53.

**ANALYSIS**

**A.   Costs Awarded**

Plaintiff was offered $2,002.00 plus reasonable costs and attorney's fees on March 20, 2006.  Had plaintiff accepted the offer of judgment, she would have received more than was actually awarded.  Accordingly, the cost shifting provision of Rule 68 applies.  Plaintiff concedes the Rule 68 offer of judgment bars her recovery of costs post-offer and, therefore, only seeks the costs incurred prior to March 20, 2006, which total $897.27.  (Mot. at 7:17-21.)[4]  Defendant does not oppose this award of costs. (See generally Opp'n; Def.'s Obj. to Pl.'s Bill of Costs, filed Mar. 13, 2008).  Thus, because plaintiff is the prevailing party as to her claims for violations of FDCPA and RFDCPA, plaintiff is entitled to recover her pre-Rule 68 costs of $897.27.

**B.   Reasonableness of an Attorney's Fees Award Post-Rule 68 Offer**

Plaintiff asserts an attorney's fees award need not bear any relation to the amount of damages awarded, and therefore, her request for $53,828.00 in attorney's fees is not unreasonable even considering the actual damages award of only $2,000.00.  Plaintiff relies on Civitello v. First Credit of America, LLC. to support the proposition that an attorney's fees award can greatly exceed the actual damages recovered in FDCPA actions.  2007 U.S. Dist. LEXIS 46620 (N.D. Cal. 2007) (the plaintiff was awarded

---

[4] While plaintiff filed a Bill of Costs, in the amount of $4,143.99, on February 28, 2008 (Docket #55), she concedes in moving for attorney's fees and costs that pursuant to Rule 68 she may only recover her pre-offer costs of $897.27.

6

$98,924.00 in attorney's fees in an FDCPA case that awarded $3,240.80 in actual damages). Plaintiff's reliance on <u>Civitello</u> is misplaced. Significantly, in <u>Civitello</u> the defendant did not make a Rule 68 offer of judgment.[5] <u>Id.</u> Here, defendant made a Rule 68 offer in the early stages of litigation before any substantial discovery or motion practice. Plaintiff decided to reject the settlement offer and continue litigation for another year and a half. When plaintiff refused the Rule 68 offer, she should have known her refusal to settle may have a substantial adverse impact on the amount of attorney's fees she may recover for services rendered after the offer. <u>See</u> <u>Haworth</u>, 56 F.3d at 1052. As the court noted in <u>Haworth</u>, "[j]ust because a plaintiff has [a statutory] violation in her pocket does not give her a license to . . . run up the attorney's fees and then recover them from the defendant." <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> <u>French v. Corporate Receivables, Inc.</u>, 489 F.3d 402, 404 (1st Cir. 2007) (denying FDCPA plaintiff attorney's fees incurred after a Rule 68 offer when final judgment did not exceed the offer).

Thus, as set forth above, in determining the reasonableness of an attorney's fees award post-Rule 68 offer, the court must consider: (1) the amount of the Rule 68 offer; (2) the stage of the litigation at which the offer was made; (3) what services were rendered thereafter; (4) the amount obtained by the

---

[5] Indeed, plaintiff's motion relies on a number of cases, like <u>Civitello</u>, which approved attorney's fees awards that far exceeded the statutory damages recovered. (Mot. at 11, 12). However, these cases did not involve Rule 68 offers of judgment, and thus, they are inapposite. In this case where an offer of judgment was made and rejected, a different analysis of reasonable attorney's fees is required.

7

judgment; and (5) whether it was reasonable to continue litigation after the Rule 68 offer was made. Haworth, 56 F.3d at 1052-53. The court has discussed above the first and fourth factors: The amount of the Rule 68 offer exceeded the amount obtained by the judgment, and thus, the first and fourth factors favor awarding no post-offer attorney's fees. See Solomon, 222 F.R.D. at 423.

The second factor requires the court to examine the stage of litigation at which the offer was made. Here, the offer was made early in the litigation, on March 20, 2006, before any substantial discovery or motion practice. (Mot. Ex. A at 1-3). According to plaintiff's counsel's billing records, only 16 hours of work were preformed pre-Rule 68 offer. Id. The purpose of Rule 68 is to encourage settlement when reasonable settlement offers are made. Marek, 473 U.S. at 11. If plaintiff had accepted the early offer of judgment, plaintiff could have avoided over $48,000.00 in attorney's fees, as accepting the offer would have eluded hundreds of hours of legal work. Further, defendant's $2,002.00 offer of judgement was reasonable in light of the relevant statutory authority governing damages.[6] Plaintiff failed to accept the offer and instead pursued recovery of actual damages through her claim for emotional distress damages. However, plaintiff did not have the facts to support such a claim. (Mem. and Order, filed Dec. 19, 2007 ["December 19

---

[6] FDCPA awards a plaintiff statutory damages, not to exceed the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and RFDCPA awards a plaintiff statutory damages, in the maximum amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b).

8

Order"], at 18, 19).  As the court noted in its December 19 Order, this was not a case in which the debt collector repeatedly called and harassed plaintiff despite being asked not to call. (December 19 Order at 19).  *Plaintiff* initiated the bulk of the conduct with defendant by continuing to call defendant back after defendant hung up on plaintiff several times.  Additionally, plaintiff's symptoms were not sufficient to demonstrate extreme distress, as she only claimed she was upset and angry at the time, that her hands shake and are sweaty when she now receives calls from unknown persons, and that she has occasional trouble sleeping to date.  Id.  Thus, for all of these reasons, the second factor favors awarding no post-offer attorney's fees.

The third factor requires the court to consider what services were rendered after the offer of judgment.  Plaintiff's attorneys have submitted billing records which demonstrate that significant discovery and motion practice occurred post-offer. In fact, the billing records indicate approximately 230 hours of work were preformed post-offer at a cost of $48,788.00.  Although this factor weighs in favor of an award of fees, it is not persuasive because the court finds the work performed after the Rule 68 offer was unjustified.  Accord Solomon, 222 F.R.D. at 423 (awarding only pre-offer attorney's fees to plaintiff, despite the extensive amount of discovery and motion practice performed post-offer).

The fifth factor, whether it was reasonable to continue litigating the case after the Rule 68 offer was made, is the most important factor the court considers in deciding to award reasonable attorney's fees.  Id.  Here, plaintiff's continued

pursuit of this case in an effort to obtain emotional distress damages was not reasonable.  District courts are split over whether a plaintiff's claims for emotional distress damages under FDCPA are evaluated under the state law governing the tort of intentional infliction of emotional distress ("IIED") or some lower standard.[7]  However, regardless of which standard the court adopted, plaintiff's claims of stress did not rise to the level necessary to set forth a viable claim for IIED under either state law or any lower threshold established in some case law. (December 19 Order at 18-21 [finding the subject conduct does not rise to the level of "extreme and outrageous" conduct as a matter of law nor do the claims allege more than mere "transitory" or "trivial" symptoms of distress]).

In this case, plaintiff alleged conduct that was, at most, rude and impolite.  Significantly, the conduct occurred in only two voice mail messages and four brief conversations taking place on *one* afternoon.  As noted in the court's December 19 Order, such conduct was not actionable as an IIED claim, nor was it enough to recover emotional distress damages under any lower standard applied by some courts.  Cole v. Fair Oaks Fire Prot. Dist., 43 Cal.3d 148, 155 (1987) ("Mere insults, indignities, threats, annoyances, petty oppressions or other trivialities" are not actionable as "outrageous conduct"); (December 19 Order at 18).

Furthermore, the only evidence of plaintiff's emotional distress was her own testimony, and this evidence demonstrated

---

[7] The Ninth Circuit has not ruled on this issue. (December 19 Order at 16).

her alleged emotional distress was transitory in nature and not of the type recoverable under FDCPA or RFDCPA.  Indeed, plaintiff had no corroborating evidence--no witnesses to confirm her symptoms and no documentary evidence to support her claims. Without such evidence to buttress her assertions, it was unreasonable for plaintiff to continue litigating after the Rule 68 offer.  Plaintiff assumed the risk of pursuing the emotional distress claim on limited evidence and should have known her refusal to settle may have a substantial adverse impact on the amount of attorney's fees she may recover.  See Haworth, 56 F.3d at 1052.

Accordingly, in examining the five factors for determining reasonable attorney's fees in light of a Rule 68 offer, the court awards plaintiff only her reasonable attorney's fees incurred *pre*-Rule 68 offer.  Id. (finding the court has broad discretion in refusing to award post-offer attorney's fees where the plaintiff obtains judgment for less than the amount of the Rule 68 offer); see also Solomon, 222 F.R.D. at 423 (denying post-Rule 68 offer attorney's fees as unjustified in an FDCPA case); French, 489 F.3d at 404 (denying post-Rule 68 offer attorney's fees as unreasonable in an FDCPA case).

**C.     Attorney's Fees Awarded Pre-Rule 68 Offer**

As discussed above, the court must calculate awards for attorney's fees using the "lodestar" method.  Ferland, 244 F.3d at 1149 n. 4.  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  Morales, 96 F.3d at 363.  Here, the court finds the hours expended by plaintiff's

11

attorneys post-Rule 68 offer are unreasonable, and therefore, it only needs to assess the reasonableness of the pre-offer attorney's fees.[8]

The court determines a reasonable hourly rate by establishing the "rate prevailing in the community for similar work performed by attorneys of comparable skill, expertise, and reputation." Barjon v. Dalton, 132 F.3d 496, 502 (9th Cir. 1997). Generally, the relevant community is the forum in which the district court sits. Camacho, 2008 WL 1792808, *4. Neither party contends that an exception to the general rule applies in this case, and therefore, the relevant community is the Eastern District of California ("Eastern District"). Id. Plaintiff's attorneys, Mr. Swigart and Mr. Hyde, whose firm is based in San Diego, California, request a rate of $315.00 per hour. (Mot. at 7; Docket #54). Defendant argues $210.00 per hour is the reasonable rate for the work performed in this case. (Opp'n at 13). Supporting $210.00 per hour as a reasonable rate, defendant emphasizes "the $210 per hour paid to *defense* counsel is the only evidence of a market rate [in the Eastern District] for this type of litigation before the Court." (Id.).

Defendant is incorrect. Plaintiff proffers five declarations of consumer rights attorneys practicing in California, all of whom declare $315.00 per hour as a reasonable rate for this type of plaintiffs' work. (Docket #54). Although

---

[8] Camacho v. Bridgeport Financial, Inc., 2008 WL 1792808 (9th Cir. April 22, 2008), cited by plaintiff, is not relevant to determining the propriety of awarding attorney's fees post-Rule 68 offer because Camacho did not involve such an offer. However, Camacho is instructive for this court on the determination of the prevailing market rate for plaintiff's attorneys' services.

12

some of the declarations are from attorneys practicing in the Northern and Southern Districts of California, one declaration is from an attorney who practices in the Eastern District and he corroborates that $315.00 per hour is a reasonable rate for similar work in the Eastern District.  (Docket #54-8, Decl. of Robert Wilcox); Cf. Camacho, 2008 WL 1792808, *4-5 (reversing the trial court's award of fees in an FDCPA case where the court did not base the hourly rate awarded on *evidence* of the prevailing rate in the Northern District of California).  Plaintiff's counsel, Mr. Swigart, attests the same in his declaration filed in support of the motion.  (Docket #54-7.)  In all, the declarations proffered by plaintiff suggest a local market for comparable legal work congruent with plaintiff's request for an hourly rate of $315.00.  See McDonald v. Bonded Collectors, L.L.C., S.D. Cal., Civ. 05-687 PCL, Order Awarding Attorney's Fees and Costs, at 8-9, Ex. B to Swigart Reply Decl. (Docket #63-5).

Plaintiff's counsel's extensive experience further buttresses plaintiff's request for an hourly rate of $315.00 for her attorneys.  For example, Mr. Swigart "has taken part in three hundred cases and [has been involved in representing clients in] fourteen published decisions, including seven related to FDCPA or RFDCPA; he has attended seven training conferences concerned with the FDCPA; he has 'litigated numerous class actions surrounding complex issues of the FDCPA and RFDCPA.'"  Id. (finding Hyde & Swigart's $315.00 per hour rate to be reasonable in an analogous FDCPA and RFDCPA case).  Mr. Hyde is similarly accomplished.  Id. Mr. Swigart and Mr. Hyde's extensive training and experience in

13

FDCPA litigation substantiates the requested $315.00 hourly rate as reasonable. Hyde & Swigart's requested rates are in line with those prevailing in this community for similar services preformed by attorneys of reasonably comparable skill, experience and reputation.

Additionally, plaintiff has provided examples of prior awards and legal precedent that support $315.00 per hour as the prevailing market rate. (Decl. of Hyde, [Docket #54-7], ¶ 11; Decls. of Hyde and Swigart, [Docket #63-2, 3], ¶ 7). In the cases cited by plaintiff, the courts have either (1) approved the $315.00 hourly rate, as in McDonald, or (2) the parties have agreed upon $315.00 per hour as a reasonable rate. Accordingly, considering the evidence presented by plaintiff, the court finds that Mr. Swigart's and Mr. Hyde's rates of $315.00 per hour are reasonable. See Camacho, 2008 WL 1792808, *6 (requiring that the court expressly discuss the declarations filed by the parties, and other supporting evidence, to determine whether the requested hourly rate is consistent with the prevailing hourly rate in the forum community for similar work by attorneys with similar skill, experience and reputation).

The second component of the lodestar calculation is the hours billed. Through counsel's billing records, plaintiff has established that the pre-Rule 68 work preformed amounted to 16 hours. (Docket #54, Ex. A). Defendant's contention that 3.2 hours should be subtracted from these hours is unpersuasive. First, defendant contends there was a "data entry error" and 0.8 hours of work "appears" incorrectly duplicated on counsel's billing record dated March 20, 2006. (Opp'n at 16). However, it

14

is entirely plausible that all the work listed on March 20, 2006 was performed by plaintiff's counsel that day, and thus, the court will not make this minor deduction.  Secondly, the 2.4 hours plaintiff's counsel spent opposing defendant's motion to dismiss for improper venue (prosecuted in the Northern District) is time and labor reasonably expended by plaintiff's counsel. Overall, Hyde & Swigart's billing records adequately utilize dates and descriptive titles for the work performed, and the records substantiate 16 hours of pre-Rule 68 work.  (Docket #54, Ex. A).  Therefore, the court finds the 16 hours expended by plaintiff's counsel pre-Rule 68 offer reasonable.

Accordingly, based on the lodestar calculation, attorney's fees are awarded to plaintiff in the amount of $5,040.00 (representing 16 hours multiplied by $315.00).

**CONCLUSION**

For the foregoing reasons, the court GRANTS in part plaintiff's motion for attorney's fees and costs.  The court awards plaintiff $5,040.00 in attorney's fees and $897.27 in costs.[9]

IT IS SO ORDERED.

DATED: April 30, 2008

FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[9] As costs are awarded herein pursuant to FDCPA and RFDCPA, the court will not separately tax plaintiff's Bill of Costs filed February 28, 2008 (Docket #55).  Plaintiff is awarded only those costs set forth in this order.

15